IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GORDON POTTER, as Special Administrator of the
Estate of Amanda Potter, deceased                                                                PLAINTIFF

v.                                    Case No. 2:14-CV-02264

SEBASTIAN COUNTY, ARKANSAS; BILL
HOLLENBECK, in his individual and official capacity
as Sheriff of Sebastian County; DAVID HUDSON, in
his individual and official capacity as County Judge of
the Sebastian County Quorum Court; and SEBASTIAN
COUNTY QUORUM COURT                                                                         DEFENDANTS

**OPINION AND ORDER**

In the Complaint (Doc. 1) filed in this case, Plaintiff Gordon Potter, purporting to act in his capacity as special administrator of the estate of Amanda Potter, alleged claims brought pursuant to 42 U.S.C. § 1983, § 1988, and the Eighth and Fourteenth Amendments of the United States Constitution. Potter also brought state-law claims pursuant to the Arkansas Civil Rights Act and Arkansas Code §§ 16-62-101 ("survival of actions - wrongs to person or property") and 16-62-102 ("wrongful death"). All claims stem from the death of Amanda Potter while she was in the custody of the Sebastian County Detention Center.

"[F]ederal law provides no remedy under § 1983 for wrongful death. Thus, courts applying § 1983 look to the states' wrongful death statutes for a suitable remedy not inconsistent with the Constitution and laws of the United States." *Gill v. Maciejewski*, 546 F.3d 557, 565 (8th Cir. 2008). The Arkansas wrongful death statute provides that every action brought pursuant to that statute "shall be brought by and in the name of the personal representative of the deceased person." Ark. Code Ann. § 16-62-102(b). The survival statute likewise requires that claims be brought by a personal

representative of the deceased's estate. Ark. Code Ann. § 16-62-101. These statutes are not inconsistent with the Constitution or laws of the United States and so likewise require that any cognizable federal claims be brought by the personal representative of a deceased's estate.

In bringing this action, Mr. Potter represented that he was the administrator of Amanda Potter's estate. (Doc. 1, ¶ 1). It is now apparent, however, that any designation of Mr. Potter as administrator of Amanda Potter's estate was in error, and his appointment has been revoked effective February 3, 2015. (Doc. 25-1). The current and actual administrator of the estate is Scott Courtney. Mr. Courtney originally filed a motion to intervene (Doc. 20) in this action. It is not at all clear that allowing intervention in this action would be appropriate. Mr. Courtney has now, however, filed a motion (Doc. 26) to substitute himself as plaintiff in this action. Both Mr. Potter (Doc. 28) and Defendants (Doc. 29) have filed responses in support of Mr. Courtney's motion.

Because it appears Mr. Courtney is the personal representative of the estate of Amanda Potter, the Court finds that substitution of Mr. Courtney as plaintiff in place of Mr. Potter is proper. Mr. Courtney's motion to substitute will therefore be granted.

Defendants recognize in their response to Mr. Courtney's motion for substitution that Mr. Courtney's substitution as plaintiff "is a better mechanism than dismissal for dealing with the current Plaintiff's lack of standing." (Doc. 29, p. 1). Defendants' motion to dismiss for lack of standing (Doc. 24) will therefore be denied as moot.

IT IS THEREFORE ORDERED that Mr. Courtney's motion to intervene (Doc. 20) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss (Doc. 24) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Mr. Courtney's motion to substitute (Doc. 26) is GRANTED, as supported by the currently named Plaintiff. Scott Courtney, as Special Administrator of the Estate of Amanda Potter, is substituted for Gordon Potter as plaintiff in this case.

IT IS FURTHER ORDERED that Mr. Courtney will have until Monday, March 23, 2015 to file any response to Defendants' currently pending motion (Doc. 13) to dismiss claims against Defendant Sebastian County Quorum Court.

IT IS SO ORDERED this 11th day of March, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE